McCarter & English, LLP
Scott S. Christie
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Attorneys for Plaintiff
 Genesis Educational Services, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GENESIS EDUCATIONAL SERVICES, INC., a New Jersey Corporation,<br><br>Plaintiff,<br><br>v.<br><br>EDUPOINT EDUCATIONAL SYSTEMS, LLC, a California Limited Liability Company, and WEIDENHAMMER SYSTEMS CORPORATION, a Pennsylvania Corporation,<br><br>Defendants. | Civil Action No:<br><br>**VERIFIED COMPLAINT REQUESTING (A) TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF; AND (B) MONETARY RELIEF**<br><br>**(DEMAND FOR JURY TRIAL)** |

Plaintiff Genesis Educational Services, Inc. ("GESI" or "Plaintiff"), with offices at 300 Buckelew Ave, Suite 201, Jamesburg, New Jersey 08831, by way of Complaint against Defendants Edupoint Educational Services, LLC ("Edupoint"), with offices at 101 Pacifica, Suite 240, Irvine, California 92618, and Weidenhammer Systems Corporation ("Weidenhammer"), with offices at 935 Berkshire Boulevard, Reading, Pennsylvania 19610, (collectively, "Defendants") hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises out of violations of the United States Trademark Act (the "Lanham Act") 15 U.S.C. §1051, *et. seq.*, and subject matter jurisdiction is therefore conferred upon this Court by 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1338 (trademarks).

ME1 11744749v.3

2. Supplemental jurisdiction over the related state law claims is conferred upon this Court by 28 U.S.C. § 1338(b) and 28 U.S.C. §1367.

3. A substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

4. GESI is a New Jersey corporation with its principal place of business located at 300 Buckelew Ave, Suite 201, Jamesburg, New Jersey 08831.

5. Upon information and belief, Edupoint is a California limited liability company with its principal place of business at 101 Pacifica, Suite 240, Irvine, California 92618.

6. Edupoint has committed acts of trademark infringement within this judicial district.

7. Upon information and belief, Weidenhammer is a Pennsylvania corporation with its principal place of business located at 935 Berkshire Boulevard, Reading, Pennsylvania 19610.

8. Weidenhammer has committed acts of trademark infringement within this judicial district.

## GENERAL ALLEGATIONS

9. GESI creates and distributes computer software and a web-based student information system for primary and secondary schools that allows administrators, teachers, parents and students to access and manage student record information (the "GENESIS Products"). The GENESIS Products consist of software and a web-based portal for accessing databases containing various types of student records, including student demographic data, lunch application and tracking data, student letters, student registration tracking, daily attendance records, class/period attendance, student scheduling, grade reporting, elementary report cards, teacher gradebooks and homework assignments, athletic records, medical records, conduct tracking and reporting, parent access and payments, student assessment data, State reporting, academic history and transcript records, among other things.

10.  GESI offers the GENESIS Products under the trademark GENESIS (the "GENESIS Mark").

11.  For years, GESI has marketed and sold the GENESIS Products bearing the GENESIS Mark in New Jersey and surrounding states, including but not limited to Connecticut and Pennsylvania ("GESI's Territory").

12.  GESI has continuously used the GENESIS Mark on the GENESIS Products in commerce in GESI's Territory without interruption since at least as early as 2002. GESI has used the GENESIS Mark in connection with the GENESIS Products since at least as early as 2002 in New Jersey and Connecticut, and since at least as early as 2007 in Pennsylvania.

13.  As a result of GESI's many years of developing and marketing of its GENESIS Products, GESI presently provides services to 175 school districts and a total of 1,026 pre-kindergarten, grammar schools, middle schools, and high schools throughout GESI's Territory under the GENESIS Mark. Indeed, GESI currently services approximately 480,000 students and has approximately 56,000 individual school administrators, teachers and employee users alone, exclusive of parent and student individual users, which number in the hundreds of thousands. As such, educational institutions and the public in GESI's Territory have come to recognize and rely upon the GENESIS Mark as identifying software and web-based student information systems that originate with GESI.

14.  GESI's goods and services offered under the GENESIS Mark are advertised and promoted by GESI's sales force and on the Internet, including on GESI's website www.genesisedu.com, as well as in numerous publications and other widely distributed resources. GESI's website prominently displays the GENESIS Mark in connection with the GENESIS Products and the opening screenshot for GESI's software prominently displays the GENESIS Mark. (See attached Exhibit A, printout from GESI's website and screenshot from GESI's software depicting use of the GENESIS Mark).

15.  GESI has recently filed applications in the U.S. Patent and Trademark Office "PTO") to register the GENESIS Mark. GESI applied to register the GENESIS Mark in

International Class 9, under Serial Number 85276154, for "Computer software for school districts, schools, administrators, and teachers to record, access, report, and manage their student information and performance data, and which allows students and parents to access such information and data, in real time, to select and register for classes, and to pay fees due for school activities, materials, programs, and/or supplies." Furthermore, GESI applied to register the GENESIS Mark in International Class 42, under Serial Number 85276158, for "Providing a web-based portal for the temporary use of non-downloadable software for school districts, schools, administrators, and teachers to record, access, report, and manage their student information and performance data, and which allows students and parents to access such information and data, in real time, to select and register for classes, and to pay fees due for school activities, materials, programs, and/or supplies." (See attached <u>Exhibit B</u>, printouts from PTO's on-line database evidencing applications for GENESIS Mark).

16. Upon information and belief, Weidenhammer is a provider of information technology solutions for primary and secondary schools. Upon information and belief, Weidenhammer licenses and resells certain products from third parties.

17. In 2010, Weidenhammer and GESI were engaged in negotiations concerning a proposed agreement whereby Weidenhammer would license from GESI the GENESIS Products and resell the GENESIS Products to primary and secondary schools.

18. On July 7, 2010, in furtherance of these negotiations, Weidenhammer and GESI executed a Mutual Nondisclosure Agreement. During the course of the negotiations, GESI disclosed to Weidenhammer, among other things, detailed confidential and business sensitive information concerning the GENESIS Products, including information concerning GESI sales and marketing plans, information concerning new modules GESI intended to incorporate into the GENESIS Products, and technical information relating to the operation of GESI's software system. As a result of these negotiations, Weidenhammer had knowledge of GESI's use of the GENESIS Mark, the nature and features of the GENESIS Products, and the identity of GESI's customers.

4

19. The negotiations between GESI and Weidenhammer terminated in early October 2010.

20. Notwithstanding GESI's long prior use of the GENESIS Mark, GESI recently discovered that Edupoint is promoting and offering a web-based student information system in GESI's Territory under the mark GENESIS (the "Edupoint Mark"), which is targeted to school administrators, teachers, counselors, parents and students, and permits users to access a variety of student records, including performance, attendance, conduct, schedule, activity and transcript records (the "Edupoint Products"). Edupoint also is promoting and offering in GESI's Territory a web-based student information system under the mark GENESEA (the "Genesea Mark"), which is intended for use by administrators, teachers, counselors, parents and students in connection with special education students and associated records (the "Genesea Products"). (See attached Exhibit C, printouts from Edupoint's website evidencing use of the Edupoint Mark and Genesea Mark in connection with the Edupoint Products and the Genesea Products).

21. Upon information and belief, Edupoint initially offered its competing products bearing the Edupoint Mark and Genesea Mark in California and Arizona, and only recently began to expand its use of those marks on competing products throughout the United States.

22. Edupoint also has filed an application under Serial Number 85161154 with the PTO seeking to register the Edupoint Mark in connection with the Edupoint Products (the "Edupoint Application"), as well as an application under Serial Number 85197238 for the Genesea Mark in connection with the Genesea Products (the "Genesea Application"). (See attached Exhibit D, printouts from PTO's on-line database evidencing the Edupoint Application and Genesea Application).

23. Upon information and belief, Edupoint had knowledge of the GENESIS Mark at the time of its adoption of the Edupoint Mark and the Genesea Mark, as well as at the time of Edupoint's promotion and offering for sale of the Edupoint Products in GESI's Territory.

24. The Edupoint Mark and the Genesea Mark are identical and confusingly similar to the GENESIS Mark and cover goods that are identical to the GENESIS Products.

ME1 11744749v.3

25. In addition, the Edupoint Products and Genesea Products are advertised, promoted and sold in some of the same channels of trade and to the same customers as the GENESIS Products, including but not limited to advertising and promotion on the Internet.

26. Upon information and belief, Edupoint recently responded to a request for proposal issued by a school district in Jersey City, New Jersey, after that school district contacted Edupoint in the mistaken belief, based upon Edupoint's use of the Edupoint Mark, that it in fact was contacting GESI.

27. Upon information and belief, GESI users in East Brunswick, New Jersey and at Pascack Valley Regional High School in Montvale, New Jersey, unsuccessfully attempted to log onto GESI's web portal through an Edupoint iPad "GENESIS" application.

28. Upon information and belief, there exist other instances in which potential and existing GESI customers have confused the Edupoint Products with the GENESIS Products.

29. Upon information and belief, Edupoint does not now have any presence or customers in GESI's Territory, but recently has commenced substantial efforts to market and sell the Edupoint Products in GESI's Territory.

30. Upon information and belief, Weidenhammer recently consummated an agreement with Edupoint by which Weidenhammer is licensed to resell, implement and support both the Edupoint Products and Genesea Products in GESI's Territory and a number of other states throughout the United States. A copy of an article from the website www.digitaljournal.com concerning Weidenhammer's partnership with Edupoint is attached hereto as Exhibit E. Copies of excerpts from Weidenhammer's website evidencing its promotion and distribution of the Edupoint Products and Genesea Products is attached hereto as Exhibit F.

31. Upon information and belief, on or about May 13, 2011, Weidenhammer, in furtherance of its partnership with Edupoint, launched a mass e-mail advertising campaign in GESI's Territory stating that Weidenhammer is bringing "Edupoint's GENESIS™ and GENESEA™ to market." Weidenhammer's campaign targeted a number of GESI's existing customers and, upon information and belief, potential customers of GESI. The promotional

ME1 11744749v.3

material describes a student information system that is directly competitive with the GENESIS Products, and repeatedly refers to this system using the term "Genesis" in a trademark sense. An exemplary copy of the advertisement that Weidenhammer sent by e-mail to one of GESI's customers is attached hereto as Exhibit G.

32.  As of the date of the filing of this Complaint, and in a mere matter of hours after Weidenhammer sent the e-mail depicted in Exhibit G hereto, six of GESI's customers who received Weidenhammer's e-mail advertisement contacted GESI and expressed confusion as to whether the products referred to in Weidenhammer's advertisement emanated from and/or were sponsored by GESI or were otherwise concerned about the use the GENESIS Mark by another party.

33.  Defendants' use of the Edupoint and Genesea Marks has already caused substantial consumer confusion, and such consumer confusion is likely to increase significantly if the Defendants continue their present marketing activities.

34.  Defendants' use of the Edupoint Mark and the Genesea Mark constitutes infringement of the GENESIS Mark.

35.  As a result of Defendants' wrongful conduct, GESI has suffered irreparable damage to its goodwill and business reputation, and will continue to suffer such damage unless Defendants' conduct is restrained.

## COUNT I
### TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE ADVERTISING IN VIOLATION OF 15 U.S.C. §1125(a)
**(Against Edupoint)**

36.  GESI repeats and realleges the allegations of paragraphs 1 through 35 of its Complaint as if fully set forth herein.

37.  The use by Edupoint of marks that are identical to and confusingly similar to the GENESIS Mark on or in connection with the promotion, distribution, offer for sale and sale of competing products is not authorized by GESI.

7

38. Edupoint's acts constitute trademark infringement under the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

39. Edupoint's acts as alleged herein also constitute false designation of origin, unfair competition and false advertising in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

40. Edupoint's acts cause a likelihood of confusion, deception and mistake by buyers, the consuming public and the trade. Edupoint's acts create a likelihood that a false and unfair association will be made between Edupoint and its and infringing products, and the GENESIS Products, so that consumers are likely to believe that Edupoint's products are produced or sponsored by GESI.

41. Edupoint's acts have been committed intentionally, maliciously, fraudulently, and willfully for the purposes of deceiving buyers into purchasing Edupoint's products based on the false belief that such merchandise is an authentic GENESIS Product, and with the specific intent to appropriate to Edupoint and to employ for its own benefit the valuable goodwill and business reputation represented by the GENESIS Mark.

42. Edupoint's acts have caused and, if allowed to continue, will continue to cause GESI to suffer substantial irreparable damage and injury. GESI has no adequate remedy at law.

43. As a result of the foregoing GESI has lost profits and Edupoint has been unjustly enriched. In addition, Edupoint's actions have been extraordinary, entitling GESI to attorneys' fees and cost of suit, and to such other and further relief as the Court shall deem appropriate under the circumstances.

## COUNT II
## TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE ADVERTISING IN VIOLATION OF 15 U.S.C. §1125(a)
### (Against Weidenhammer)

44. GESI repeats and realleges the allegations of paragraphs 1 through 43 of its Complaint as if fully set forth herein.

45. Weidenhammer, with direct knowledge of GESI's rights in and to the GENESIS

Mark, is engaged in the promotion, distribution, offer for sale and sale of the Edupoint Products and Genesea Products.

46. The use by Weidenhammer of marks that are identical to and confusingly similar to the GENESIS Mark on or in connection with the promotion, distribution, offering for sale and sale of competing products is not authorized by GESI.

47. The acts of Weidhenhammer in promoting, distributing, offering for sale and selling of the Edupoint and Genesea Products in GESI's Territory constitutes direct and contributory trademark infringement, false designation of origin, unfair competition and false advertising in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

48. Weidenhammer's acts cause a likelihood of confusion, deception and mistake by buyers, the consuming public and the trade. Weidenhammer's acts create a likelihood that a false and unfair association will be made between Weidenhammer, Edupoint and the infringing products, and the GENESIS Products, so that consumers are likely to believe that Edupoint's products are produced or sponsored by GESI.

49. Weidenhammer's acts have been committed intentionally, maliciously, fraudulently, and willfully for the purposes of deceiving buyers into purchasing Edupoint's products based on the false belief that such merchandise are authentic GENESIS Products, and with the specific intent to appropriate to Weidenhammer and Edupoint and to employ for their own benefit the valuable goodwill and business reputation represented by the GENESIS Mark.

50. Weidenhammer's acts have caused and, if allowed to continue, will continue to cause GESI to suffer substantial irreparable damage and injury. GESI has no adequate remedy at law.

51. As a result of the foregoing GESI has lost profits and Weidenhammer has been unjustly enriched. In addition, Weidenhammer's actions have been extraordinary, entitling GESI to attorneys' fees and cost of suit, and to such other and further relief as the Court shall deem appropriate under the circumstances.

## COUNT III
## STATE AND COMMON LAW CLAIMS
### (Against Edupoint)

52. GESI repeats and realleges the allegations of paragraphs 1 through 51 of its Complaint as if fully set forth herein.

53. Edupoint has unfairly competed with GESI by infringing upon the GENESIS Mark and GESI's exclusive right to use the same in GESI's Territory in violation of the laws of the State of New Jersey and the laws of any and all other states in which Edupoint has advertised, offered for sale and/or sold its infringing products.

54. GESI requests restitution of Edupoint's profits in an amount to be shown at any trial of this action.

55. GESI is further entitled to compensatory damages based on damage to its goodwill and business reputation that have been caused by Edupoint's unfair and competitive acts.

## COUNT IV
## STATE AND COMMON LAW CLAIMS
### (Against Weidenhammer)

56. GESI repeats and realleges the allegations of paragraphs 1 through 55 of its Complaint as if fully set forth herein.

57. Weidenhammer has unfairly competed with GESI by directly and contributorily infringing upon the GENESIS Mark and GESI's exclusive right to use the same in GESI's Territory in violation of the laws of the State of New Jersey and the laws of any and all other states in which Weidenhammer has advertised, offered for sale and/or sold the infringing Edupoint and Genesea Products.

58. GESI requests restitution of Weidenhammer's profits in an amount to be shown at any trial of this action.

59. GESI is further entitled to compensatory damages based on damage to its goodwill and business reputation that have been caused by Weidenhammer's unfair and

competitive acts.

## PRAYER FOR RELIEF

WHEREFORE, GESI respectfully demands judgment:

(1)    That Defendants and their agents, servants, employees, attorneys, successors and assignees, and all persons in active concert or participation with any of them, be temporarily, preliminarily and permanently enjoined and restrained from:

    (a)    Using in any manner the Edupoint Mark, the Genesea Mark, or any other designation or mark confusingly similar to the GENESIS Mark, including, but not limited to, selling, offering for sale, displaying, promoting or advertising products in connection with the Edupoint Mark, the Genesea Mark, or any other designation or mark confusingly similar to the GENESIS Mark;

    (b)    Passing off, inducing, or enabling others to sell or pass off any products that do not emanate from GESI or that are not distributed under the control and supervision of GESI and approved by GESI for sale under the GENESIS Mark, as products distributed by or with the approval of GESI;

    (c)    Falsely advertising any product as GENESIS and/or GENESEA brand products that do not emanate from GESI or that are not distributed under the control and supervision of GESI and approved by GESI for sale under the GENESIS Mark;

    (d)    Committing any act calculated to cause purchasers to falsely believe that Edupoint's products are those sold under the control and supervision, were sponsored, approved or connected with or guaranteed, or produced under the control and supervision of GESI;

(e) Shipping, importing, delivering, distributing, returning, or otherwise disposing of in any manner products or inventory bearing the infringing Edupoint Mark and/or Genesea Mark;

(f) Further infringing the GENESIS Mark and damaging GESI's goodwill and business reputation;

(g) Otherwise competing unfairly with GESI in any manner; and

(h) Continuing to perform in any manner whatsoever any act deemed contrary to law by this Court.

(2) That Defendants be required to deliver up to GESI for destruction their entire inventory of infringing products.

(3) That Defendants be required immediately to deliver to GESI any and all circulars, price lists, labels, signs, prints, packages, wrappers, receptacles, advertising matter, promotional and other material in their possession or control bearing the infringing Edupoint Mark and/or Genesea Mark, or any marks confusingly similar to the GENESIS Mark, used in connection with the advertising, offering for sale, or sale of products not made by or under the authorization and control of GESI, for destruction.

(4) That Defendants be required to supply GESI with a complete list of persons and entities from whom they purchased, and to whom they distributed and/or sold, products bearing the infringing Edupoint Mark and/or Genesea Mark.

(5)     That Defendants, within 30 days after service of judgment, with notice of entry thereof upon them, be required to file with the Court and serve upon GESI a written report under oath setting forth in detail the manner in which each has complied with paragraphs 1 through 4, above.

(6)     That Defendants be required to pay to GESI, in accordance with 15 U.S.C. § 1117(b), such damages as GESI has suffered in consequence of Defendants' infringement of the GENESIS Mark and from the above-described acts of misrepresentation, unfair competition, and unfair trade practices, including the following:

(a)     Three times all gains and profits derived by Defendants from the above described acts of misrepresentation, trademark infringement, unfair competition, and unfair trade practices, or, in the alternative, three times GESI's lost profits, whichever is greater; and

(b)     All costs and attorneys' fees incurred in this action.

(7)     That GESI have such other and further relief as the Court deems just and proper, including, but not limited to relief ordered under 15 U.S.C. § 1117.

Dated: May 16, 2011

McCarter & English, LLP

By: _____
Scott S. Christie
Irene M. Hurtado

Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444
*Attorneys for Plaintiff*
*Genesis Educational Services, Inc.*

ME1 11744749v.3

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims for relief alleged herein on which plaintiff has a right to trial by jury.

McCARTER & ENGLISH, LLP
Attorneys for Plaintiff
Genesis Educational Services, Inc.

By: */s/ Scott S. Christie*
Scott S. Christie
Irene M. Hurtado

DATED: May 16, 2011

ME1 11744749v.3

## VERIFICATION

1. I am the President of Genesis Educational Services, Inc., the plaintiff in this matter.

2. The factual allegations of the Verified Complaint contained in Paragraphs 4 through 35 are based upon my personal knowledge, and except for those allegations upon information and belief, I certify that the factual allegations contained in Paragraphs 4 through 35 of the foregoing Verified Complaint are true.

3. The Verified Complaint is made in good faith and without collusion for the causes set forth therein.

4. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Rick Smith

Dated: May 16, 2011

## LOCAL CIV.R. 11.2 CERTIFICATION

The matter in controversy in this action is not the subject of any other pending action or proceeding.

                                    McCARTER & ENGLISH, LLP
                                    Attorneys for Plaintiff
                                    Genesis, Inc.

                         By: _____
                                    Scott S. Christie
                                    Irene M. Hurtado

DATED: May 16, 2011

ME1 11744749v.3